FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

01 JAN 12 AM 10: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| NORVAL PENNINGTON, | ) |
| Plaintiff, | ) |
| vs. | ) CV-00-PT-3034-M |
| UNITED BENEFIT LIFE INSURANCE COMPANY; HARLEY WESTBROOK, | ) |
| Defendants. | ) |

ENTERED
JAN 12 2001

## MEMORANDUM OPINION

This cause comes to be heard upon defendant Harley Westbrook's ("defendant Westbrook") Motion to Dismiss, filed on November 9, 2000.

## PROCEDURAL HISTORY

This action initially was filed in the Circuit Court of Marshall County, Alabama, on September 15, 2000. The plaintiff, an Alabama resident, brought the action against United Benefit Life Insurance Company ("UBL"), a non-resident defendant, and defendant Westbrook, a resident defendant. It was removed to this court on October 26, 2000, on the grounds that defendant Westbrook had been fraudulently joined in order to defeat this court's diversity jurisdiction. The plaintiff filed a motion to remand on November 27, 2000. This court denied the plaintiff's motion on January 5, 2000, finding that defendant Westbrook indeed had been fraudulently joined. In the instant motion, defendant Westbrook asks this court to dismiss him from the action entirely, leaving only the plaintiff's claims against defendant UBL.

## FRAUDULENT JOINDER

1

In a removal case based on fraudulent joinder, the removing party shoulders the burden of proving that either: "(1) there is no possibility the plaintiff can establish a cause of action against the defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)(citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). "If the plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Id. (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1562 (11th Cir. 1989)). In the instant case, the defendants argued that there was no possibility that any of the plaintiff's claims against defendant Westbrook could succeed. This court agreed with the defendants and concluded that defendant Westbrook had been fraudulently joined.

## ANALYSIS

Defendant Westbrook argues that this court's finding of fraudulent joinder gives it complete jurisdiction over the controversy, with the ability to dismiss the claims against him. The judicially-created doctrine of fraudulent joinder has been styled as an "exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). If the removal is based upon the fraudulent joinder of a resident defendant and the district court finds that the resident defendant has been properly joined, the court must remand the action to state court for lack of subject matter jurisdiction. Id. at n. 9. In this case, however, the resident defendant has been fraudulently joined, allowing the federal court, through this judicially-created exception, to have subject matter jurisdiction over the controversy.

Implicit in this court's determination that defendant Westerbrook was fraudulently joined is the determination that the plaintiff's claims against him are completely implausible and are, therefore, able to be dismissed. This court's ability to dismiss the plaintiff's claims against the

2

resident defendant, while not specifically discussed, is nevertheless evident in the case law. In <u>Covington v. Indemnity Insurance Co.</u>, 257 F.2d 930, 934 (5th Cir. 1958) the former Fifth Circuit said of a district court judge who, it held, had properly found fraudulent joinder, "The action of the district judge in dismissing [the fraudulently joined party] from the suit and proceeding to judgment in it was right, and his judgment is affirmed."[1] The current Fifth Circuit has also affirmed the dismissal, with prejudice, of a plaintiff's claims against a fraudulently joined resident defendant. <u>Cavallini v. State Farm Mutual Auto Insurance Co.</u>, 44 F.3d 256, 258 (5th Cir. 1995).

This 12th day of January 2001,

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit, including Unit A, handed down on or before September 30, 1981.

3